IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GALAWEZH SHOWAN,        )<br>                                              )<br>          Plaintiff,           )<br>                                              )     CIVIL ACTION FILE NO.<br>vs.                                        )     1:16-cv-00468-ODE<br>                                              )<br>PATRICK PRESSDEE               )<br>and KRISPY KREME DOUGHNUT )<br>CORPORATION                        )<br>                                              )<br>Defendants.                         )<br>_____) | |

## DEFENDANTS' MOTION IN LIMINE

COME NOW, Krispy Kreme Doughnut Corporation and Patrick Pressdee, Defendants in the above-captioned case, and hereby move the Court for an Order in Limine prohibiting, excluding, limiting, and suppressing any and all evidence, proffers, tender, comments, statements, testimony, colloquy, or any other utterance in the presence of the jury in the following particulars:

**1. PHOTOGRAPHS OF GALAWEZH SHOWAN TAKEN SHORTLY AFTER THE ACCIDENT**

Defendant anticipates that the plaintiff will attempt to introduce photographs of plaintiff's face shortly after the accident showing a bloody cut. However, at issue in this case is proximate causation of the plaintiff's spine pain, headaches and left wrist pain, none of which is evidenced by the inflammatory facial photographs.

To be admissible the photographs that the plaintiff may seek to introduce must be relevant. Fed. R. Evid. 402. The most acceptable test for relevancy is whether the evidence offered renders the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence. Fed. R. Evid. 401. Even if relevant, however, the photographs may still be excluded.

If the court determines that such photographs have some probative value, then the court must balance the probative value against the prejudice that introducing the photographs would cause defendants. Fed. R. Evid. 403; *Cornelius v. Macon-Bibb County Hospital Authority*, 243 Ga. App. 480, 533 S.E.2d 420 (2000). Any probative value of photographs of the facial laceration is substantially outweighed by the inflammatory effect such photographs would have on a jury. Photographs showing Mrs. Showan's bloody face will certainly arouse the sympathy of the jury and, thereby, distract them from the substantial issues of proximate causation as to her claims of spine pain. The only reason to introduce such photographs is to inflame the jury. This is especially true because information regarding Mrs. Showan's injuries can be gleaned from testimony and medical records. Accordingly, the use of inflammatory photographs is improper and should not be permitted.

## 2. ANY EVIDENCE RELATING TO THE EXISTENCE OF LIABILITY INSURANCE.

Plaintiff should be precluded from introducing any evidence relating to the existence of liability insurance in this case. Federal Rule of Evidence 411 prohibits admission of "[e]vidence that a person was . . . insured against liability" in order "to prove whether the person acted negligently or otherwise wrongfully." While Rule 411 allows admission of insurance evidence in order to show things like ownership and control, none of these exceptions to the general rule barring insurance evidence apply here. Along this same line, plaintiff should be prohibited from presenting any evidence of insurance payments for property damage.

## 3. ANY EVIDENCE REGARDING THE PARTIES' FINANCIAL STATUS, WORLDLY CIRCUMSTANCES, NET WORTH, ASSETS AND FINANCIAL HOLDINGS.

Plaintiff should be precluded from eliciting any testimony, question, or statement regarding the worldly circumstances of the parties. Relevance requires that evidence have a tendency to "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would without the evidence." Fed. R. Evid. 401. Evidence that does not meet this test for relevance is not admissible. Fed. R. Evid. 402. In the instant case, the parties' financial worth is not at issue and is therefore not relevant.

The general rule is that during trial no reference should be made to the wealth or poverty of the parties, nor should the financial status of the parties be

contrasted. *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172 (2002). This includes evidence of Plaintiff's financial circumstances, financial burdens, or poor financial situation. The party's standard of living, income, and fees are all irrelevant to this litigation and not a proper subject of evidence before the jury. Accordingly, defendant respectfully requests an order from the Court prohibiting the plaintiff from eliciting evidence of the worldly circumstances of the parties during trial.

### 4. **PLAINTIFF AND HER COUNSEL SHOULD BE PROHIBITED FROM EXPRESSING ANY PERSONAL BELIEF IN THE VERACITY OF ANY WITNESS OR EVIDENCE.**

Plaintiff's counsel may not express their own opinion or belief on the issues or the evidence, nor may counsel personally vouch for the veracity of a witness in his argument. *United States v. Knowles*, 66 F.3d 1146 (11th Cir. 1995). Plaintiff, her counsel, and all witnesses should be barred from making any of the above statements regarding their personal belief in the veracity of a witness, or opinions toward the facts or the evidence during any part of the trial, including but not limited to the opening statement, presentation of evidence, or closing argument.

### 5. **PLAINTIFF AND HER COUNSEL SHOULD BE PROHIBITED FROM MAKING ARGUMENTS TO SEND A MESSAGE TO THE DEFENDANT.**

Any remark that suggests damages should be awarded in a case for the purpose of punishing the Defendant or for the purpose of setting an example in order to influence the Defendant's conduct in the future are inappropriate and

highly prejudicial.  *Neal v. Toyota Motor Corp.,* 823 F. Supp. 939 (N.D. Ga. 1993).  Such highly inflammatory and prejudicial statements should be properly precluded from being made to the jury at any point during trial.

### 6. EVIDENCE REGARDING THE MANNER OF LITIGATION UP TO THE TIME OF TRIAL.

No party to this lawsuit should be permitted to "litigate the litigation" rather than the relevant disputed issues.  Such efforts might take a variety of forms, including references to disputes before trial, including discovery disputes, motions, and court orders on discovery or motions in limine.  No party may attempt to insinuate or argue that another party has acted deliberately to obstruct or delay the litigation.  Attempting to demonize the opposing party in the presence of the jury is not a trial tactic that should be tolerated.

Evidence of discovery disputes and peripheral pre-trial disputes are not admissible at trial.  Evidence which is not relevant is not admissible.  Fed. R. Evid. 402.  Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401.  Neither the conduct of discovery, nor tangential litigation issues or insinuations that any party acted to delay this case, either directly or indirectly, is relevant at this trial.  Therefore, this Court should exclude all such evidence.

Moreover, evidence of a party's legitimate attempts to engage in discovery, exclude evidence, take or postpone depositions, file objections to discovery, or pursue any other pre-trial motion is not only irrelevant to the issues at trial, but is highly distracting to the jury and unfairly prejudicial.  Discovery objections and peripheral litigation can leave the jury with the impression that the objecting party is attempting to conceal unfavorable evidence or to unnecessarily delay the litigation.  The party cannot cure this severe prejudice simply by explaining the reasons behind the objection or motion because the jury, being composed of laypersons, is in a poor position to understand pre-trial tactics.  Even relevant evidence can be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or is misleading to the jury. Fed. R. Evid. 403.  "Evidence" of the history of this litigation is clearly not relevant and carries with it the danger of unfair prejudice, confusion of the issues, and will mislead the jury.

Accordingly, defendants respectfully request a ruling to exclude any reference to disputes before trial, including discovery disputes, motions, and court orders on discovery or motions in limine.

### 7. <u>WITNESSES NOT PREVIOUSLY IDENTIFIED</u>

Defendant move in limine to prevent plaintiff from presenting by argument, comment or other means in front of the jury testimony from witnesses not previously identified in the Plaintiff's portion of the pretrial order.

### 8. <u>DOCUMENTS NOT PREVIOUSLY IDENTIFIED AND PRODUCED.</u>

Defendants move in limine to prevent plaintiff from presenting by argument, comment or other means in front of the jury any documents not previously identified and produced in the Plaintiff's portion of the pretrial order.

### 9. <u>ANY EVIDENCE OF SETTLEMENT DISCUSSION, NEGOTIATIONS OR REFERENCES TO SETTLEMENT WITH PLAINTIFF SHOULD BE EXCLUDED</u>

Admissions or propositions made with a view to a compromise of settlement are not proper evidence for trial, and proposals made with view toward compromise are not proper evidence. Fed. R. Evid. 609; Fed. R. Evid. 403. The Court should exclude testimony or any document containing an offer of compromise and settlement. The plaintiff's attorney and all witnesses in the case should be instructed not to mention or reference settlement negotiations, settlements or settlement discussions in this case.

### 10. <u>THE PLAINTIFF SHOULD BE PRECLUDED FROM MAKING ANY REFERENCE TO PLAINTIFF'S REQUIREMENT TO PAY ATTORNEY'S FEES</u>

In arriving at its verdict, it is of no concern to the jury what attorney's fees, or other expenses might have to be paid out of the recovery. *SCL v. Thomas*, 125 Ga. App. 716, 188 S.E.2d 891 (1972).

### 11. INVOKING THE RULE OF SEQUESTRATION

Defendant requests the court to "invoke the rule," requiring sequestration of plaintiff's witnesses, including barring the witnesses from the courtroom while Plaintiff's other witnesses are testifying; and to instruct Plaintiff's witnesses not to discuss their testimony with one another until they have been excused from further appearance in court or the case has gone to the jury. O.C.G.A. § 24-6-615; *O'Kelley v. State*, 333 S.E.2d 838 (1985).

### 12. THE PLAINTIFF SHOULD BE PRECLUDED FROM PRESENTING ANY EVIDENCE TO THE JURY CONCERNING THE PLAINTIFF'S FINANCIAL OR FAMILY DIFFICULTIES IN PAYMENT OF MEDICAL EXPENSES

Krispy Kreme objects to any attempt by plaintiff to testify or otherwise try to present evidence to the jury concerning hardships and/or the difficulties plaintiff and her family may have faced since the accident. The Plaintiff should be precluded from presenting such evidence to the jury as "emotionalism and sympathy" has no place at trial and "tends to destroy the impartiality" of the jury. *See Teasley v. State*, 177 Ga. App. 554, 555, 340 S.E.2d 32 (1986).

In *Teasley v. State*, the Georgia Court of Appeals found that the trial court properly excluded "testimony concerning appellant's financial woes, marital

difficulties, and sick child." *See id.* In fact, when the appellant attempted to introduce such evidence, the trial court instructed the jury that "emotionalism and sympathy had no place in such a trial" and repeated this same instruction in the final charge. In approving the trial court's decision, the court of appeals cited to the Georgia Supreme Court case of *Styles v. State*, 129 Ga. 425, 429, 59 S.E. 249 (1907), which noted that

> [a]nything not legitimately arising out of the trial of the case, which tends to destroy the impartiality of the juror, should be discountenanced. Whether beneficial to the State or to the accused, such things, upon the ground of irrelevancy, should be suppressed and not given the opportunity of influencing the minds or exciting the passions of the jurors. Verdicts should be the result of calm deliberation, founded upon the law and evidence. The accomplishment of that object can never be assured where irrelevant things which tend to destroy the impartiality of the jurors are allowed to creep into the trial.

177 Ga. App. at 555. The Georgia Court of Appeals followed the holding in *Styles* and reaffirmed that one's personal difficulties are not relevant to the issues being tried, and only tend to inject into trial "an improper element of emotionalism."

Following the Georgia Court of Appeals and Georgia Supreme Court's decisions in *Styles* and *Teasley*, the Plaintiff should be precluded from presenting evidence to the jury concerning the difficulties she might have faced since the accident. To allow such evidence would only serve to destroy the impartiality of

the jury.  *See Styles*, 129 Ga. at 149; *see also Teasley*, 177 Ga. App. at 555. Accordingly, Krispy Kreme moves to exclude such evidence.

### 13. EXCLUDE REFERENCE TO OR EVIDENCE, TESTIMONY OR ARGUMENT ASKING THE JURY TO "SEND A MESSAGE."

Pursuant to Fed. R. Evid. 103 and 104, defendants request a pretrial ruling excluding any argument that the jury should "send a message" to the defendants. This court should preclude plaintiff from making any references in opening statement, closing argument, or at any other point of the trial, that jury members "send a message" to the defendants or act as the "conscience of the community" or to consider similar and equally improper factors in determining whether to award damages, or in determining the amount of damages to award. Such instructions are inherently prejudicial because they, on their face, urge the jury to render its verdict based on "passion and prejudice." *Honda Motor Co., Ltd. v. Oberg*, 512 U.S. 415, 426 (1994). Because there is no place in this trial for such unfairly prejudicial arguments, the court should preclude plaintiff's counsel from offering them.

### 14. TESTIMONY CONCERNING THE CONDITIONS AND CIRCUMSTANCES OF THE ACCIDENT SHOULD BE EXCLUDED WHERE LIABILITY IS ADMITTED

Defendant has admitted to the negligence elements of duty and breach of duty such that the remaining questions of proximate cause for damages remains. Accordingly, the circumstances leading up to the accident, and the reasons for the accident are irrelevant and therefore, inadmissible. *Bradford v. Parrish*, 111

Ga.App. 167, 141 S.E.2d 125 (1965) (finding that the trial court correctly decided to "not allow plaintiff's counsel to argue to the jury matters relating to the negligence of the defendant" when the defendant previously admitted liability because "[t]he only issue then remaining for the jury to determine was the nature and extent of the plaintiff's injuries and the monetary damages to be awarded plaintiff for those injuries.")

### 15. THE COURT SHOULD NOT ALLOW PLAINTIFF TO PRESENT EVIDENCE OF DEFENDANTS' ORIGINAL DEFENSIVE PLEADINGS AND DISCOVERY RESPONSES.

As made clear by the plaintiff's Motion for Leave to Modify the Pretrial Order, plaintiff seeks to "add several of Defendants' prior pleadings as exhibits, in light of Defendants' recent amendments of their answers and the Court's recent Order." However, as this request (1) exceeds the scope of the Court's August 9, 2017 Order and (2) seeks a modification of the pretrial order to admit irrelevant material which is highly prejudicial to the defendants.

The Court's August 9, 2017 Order states that "Defendants' *original answer* will remain admissible at trial for *impeachment purposes*." [Doc. 87] (emphasis added). To the extent that plaintiff seeks to admit "defensive pleadings" other than "the original answer" or discovery responses, such material exceeds the scope of the Order. So too does any attempt to introduce this evidence for purposes other than impeachment. Not only does this go beyond the bounds of the Court's Order

but such material is utterly irrelevant. Fed. R. Evid. 402. Aside from impeachment purposes, defendant's original defensive pleadings and discovery responses do not render the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence. Fed. R. Evid. 401.

Accordingly, except for the admission of "defendant's original answer" for use as "impeachment" only, defendants move in limine to exclude admission of any other defensive pleadings or discovery responses for non-impeachment purposes.

Respectfully submitted this 20th day of October, 2017.

RUTHERFORD & CHRISTIE LLP

/s/Carrie L. Christie
Carrie L. Christie
Georgia State Bar No. 125248
Emily Y. Wang
Georgia State Bar No. 873807
225 Peachtree St., Suite 1750
Atlanta, GA 30330
Telephone: (404) 522-6888

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GALAWEZH SHOWAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO. |
| vs. ) | 1:16-cv-00468-ODE |
| ) | |
| PATRICK PRESSDEE ) | |
| and KRISPY KREME DOUGHNUT ) | |
| CORPORATION ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served all parties in the above-referenced matter with a copy of the foregoing **Defendants' Motion in Limine** by depositing same in the United States Mail with adequate postage thereon addressed as follows:

Edward M. Wynn, Esq.
James N. Sadd, Esq.
Slappey & Sadd, LLC
352 Sandy Springs Cir NE
Atlanta, Georgia 30328

This 20th day of October, 2017.

/s/ Carrie L. Christie
Carrie L. Christie, Esq.
Georgia Bar No. 125248